Case 4:25-cv-11195-SDK-APP   ECF No. 1, PageID.1   Filed 04/25/25   Page 1 of 6

2 0

Case: 4:25-cv-11195
Assigned To : Kumar, Shalina D.
Referral Judge: Patti, Anthony P.
Assign. Date : 4/25/2025
Description: CMP CLARK v JP
MORGAN CHASE BANK ET AL (JP)

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LATINO CLARK, | Case No.: To Be Assigned |
| Plaintiff, | |
| vs. | |
| JPMORGAN CHASE BANK, N.A. D/B/A CHASE AUTO, SERPENTINI CHEVROLET, INC., AND MICHIGAN RECOVERY SERVICES, INC., | COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF |
| | JURY TRIAL BY DEMAND |
| Defendants | |

## COMPLAINT
### INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.; the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; UCC Article 9, Uniform Commercial Code (UCC), Michigan Motor Vehicle Sales Finance Act (MCL § 492.101 et seq.), Michigan Collection Practices Act (MCL § 445.251 et seq.), and common law doctrines including breach of contract, unjust enrichment, conversion, and breach of fiduciary duty arising under trust law principles.

2. Plaintiff seeks redress for unlawful repossession, misrepresentation of debt ownership, securitization concealment, and post-default misconduct by all Defendants.

### PARTIES

3. **Plaintiff**, Latino Clark, is a resident of the State of Michigan.

4. **Defendant JPMorgan Chase Bank, N.A.**, doing business as Chase Auto, is a national bank headquartered in New York and servicing accounts nationwide.

5. **Defendant Serpentini Chevrolet, Inc.**, is a dealership licensed in the State of Ohio that transacts business in Michigan.

6. **Defendant Michigan Recovery Services, Inc.**, is a repossession company doing business in the State of Michigan.

### JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts occurred in the Eastern District of Michigan.

### FACTUAL ALLEGATIONS

9. On or about 2023, Plaintiff entered into a retail installment sales contract with Serpentini Chevrolet for the purchase of a **Chevrolet Corvette**, which was financed through **Chase Auto**.

10. The contract required a **down payment**, constituting a credit transaction disguised as a sale, in violation of **TILA** disclosure rules 15 U.S.C. § 1638, with references to Regulation Z (12 C.F.R. § 1026) and **UCC Article 9** provisions governing secured transactions.

11. Chase Auto accepted payments via autopay, and Plaintiff made consistent payments until May and June of 2024, when autopay failed—without notice or alert.

12. **Chase Auto failed to notify Plaintiff** of missed payments as required under **15 U.S.C. § 1692g** and **15 U.S.C. § 1681s-2(a)(7)**.

13. Plaintiff contacted Chase Auto, and was informed they had no explanation for the lack of notification or error in autopay.

14. Without providing a **Notice of Default, Notice of Intent to Accelerate, Right to Cure, pre-repossession letter,** or **Notice of Sale** as required under **UCC § 9-611, MCL § 492.171**, and Chase Auto's own consumer credit policy, Defendants orchestrated the repossession.

15. **Michigan Recovery Services** repossessed Plaintiff's vehicle without notice, without judicial process, and in breach of the peace.

16. The vehicle was scheduled to be sold on **April 21, 2025**, with no **post-repossession accounting (UCC § 9-614)** provided.

17. Upon inquiry, Michigan Recovery Services stated "there was nothing they could do" despite the unlawful process.

18. **Chase Auto** securitized Plaintiff's loan and therefore lacked **standing** to enforce the debt.

    > "We regularly transfer consumer auto loans into securitization trusts, removing them from our balance sheets..." – *Chase Auto ABS 2023-A, SEC Form 10-D, Page 4.*

19. This renders **Chase Auto a mere servicer**, lacking ownership or the authority to repossess or report to credit bureaus, in violation of:

    1. **15 U.S.C. § 1692e(2)(A)** – misrepresentation of legal status of the debt
    2. **15 U.S.C. § 1681s-2(b)** – inaccurate credit reporting
    3. **MCL § 492.171** – failure to provide notice before sale

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)

20. Defendants Chase Auto and Michigan Recovery Services violated 15 U.S.C. §§ 1692d, 1692e, and 1692f by:

    - Misrepresenting the legal status of the debt;
    - Attempting to collect a debt for which they lacked legal ownership or standing;
    - Repossessing the vehicle without providing required notices;
    - Engaging in unfair, harassing, and deceptive practices.

21. Plaintiff suffered emotional distress, reputational harm, and loss of vehicle use. Statutory damages under §1692k(a)(2) and actual damages are sought.

### COUNT II -VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)

22. Chase Auto willfully and/or negligently violated 15 U.S.C. §§ 1681s-2(a)(1)(A), 1681s-2(b) by:

    - Failing to report accurate tradeline status after vehicle sale;
    - Reporting a charged-off balance that did not reflect credit for collateral recovery;
    - Failing to investigate and correct disputed information.

- Continuing to report the account despite no longer owning the debt due to securitization as evidenced by SEC Form 10-D filings.

23. Plaintiff's creditworthiness and financial reputation were damaged, impairing future financing. Statutory and punitive damages under §§ 1681n, 1681o are sought.

### COUNT III-VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1601 et seq.)

24. Serpentini Chevrolet violated 15 U.S.C. §§ 1638(a)(2)(B)(iii), (a)(6)-(7) by:

- Failing to disclose the true amount financed and APR in a clear manner;
- Structuring the down payment as part of a credit transaction without proper TILA disclosures under 12 C.F.R. § 1026.18.

25. Plaintiff is entitled to statutory damages and rescission remedies under 15 U.S.C. § 1640.

### COUNT IV - UCC ARTICLE 9 VIOLATIONS

26. Chase Auto and Michigan Recovery Services violated UCC §§ 9-611, 9-614 by:

- Failing to send pre-repossession and post-sale notices required under UCC §§ 9-611 and 9-614;
- Selling the vehicle without commercially reasonable disposition under UCC § 9-610;
- Failing to provide post-sale accounting or surplus/deficiency statement under UCC §§ 9-615, 9-616;
- Failing to respond to Plaintiff's request for accounting or identification of the secured party under UCC § 9-210.

27. Plaintiff was denied his statutory right to cure, to redeem the vehicle, and to obtain sale surplus. Statutory damages under UCC § 9-625 are also sought.

### COUNT V - BREACH OF CONTRACT

28. Chase Auto materially breached its contract by:

- Failing to process autopay properly;
- Declaring default without cause;
- Repossessing the vehicle in violation of agreed terms.

29. Plaintiff suffered wrongful repossession, resulting financial loss, and breach of payment expectations.

### COUNT VI- CONVERSION

30. All Defendants are liable for conversion by unlawfully taking and disposing of Plaintiff's vehicle and personal contents therein without lawful justification or due process.

31. Plaintiff demands the fair market value of the vehicle, loss of use, and punitive damages.

### COUNT VII - BREACH OF FIDUCIARY DUTY / CONSTRUCTIVE TRUST

32. Chase Auto held Plaintiff's funds and trust in fiduciary capacity as servicer of an assigned/securitized loan but:

- Failed to notify Plaintiff of ownership transfer;
- Collected or enforced debt it had no right to collect.

33. Plaintiff seeks Equitable relief, restitution, and imposition of constructive trust are sought.

### COUNT VIII - VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

34. Defendants violated MCL § 445.903 by:

- Misrepresenting rights under the contract;
- Concealing the lack of standing to collect;

- Employing deceptive collection and repossession practices.

35. Plaintiff seeks Treble damages and attorneys' fees pursuant to MCL § 445.911(2).

## COUNT IX - DECLARATORY RELIEF (28 U.S.C. § 2201)

36. Plaintiff seeks a declaration that:

- Defendants lacked legal authority to repossess the vehicle due to loss of ownership via securitization.
- Chase Auto lacks standing to report or collect on the debt as it no longer owns the receivable, supported by SEC Form 10-D filings disclosing removal from its balance sheet.
- Credit reporting is materially inaccurate and must be removed.

37. Plaintiff also seeks a preliminary and permanent injunction prohibiting Chase Auto and its agents from:

- Reporting the tradeline to any consumer reporting agency;
- Engaging in further collection activity;
- Communicating with Plaintiff regarding any alleged deficiency balance or sale proceeds.

## EXHIBIT LIST

Exhibit A: Retail Installment Sales Contract (Serpentini Chevrolet)
Exhibit B: Credit Report Screenshots from Experian
Exhibit C: JPMorgan Chase ABS 2024-A Form 10-D SEC Filing

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Latino Clark** respectfully requests that this Honorable Court enter judgment in his favor and grant the following relief:

1. **A declaratory judgment** that:
   - JPMorgan Chase Bank, N.A. lacks standing to collect, report, or enforce the alleged auto loan due to securitization and removal from its balance sheet as disclosed in SEC filings;
   - All actions taken by Defendants related to repossession, reporting, and deficiency collection were unlawful;

2. **A preliminary and permanent injunction** prohibiting:
   - Chase Auto from reporting any tradeline related to the alleged debt to Experian, Equifax, or TransUnion;
   - All Defendants from engaging in any post-sale collection activity, deficiency balance enforcement, or further repossession attempts;
   - Any attempt to assign, sell, or pursue the alleged debt without a judicial adjudication of standing and ownership;

3. **Actual damages** in an amount exceeding **$75,000** for:
   - Emotional distress;
   - Loss of use of the vehicle;
   - Damage to Plaintiff's credit reputation and financial well-being;

4. **Statutory damages** as follows:
   - Up to $1,000 under the FDCPA (15 U.S.C. § 1692k);
   - Up to $5,000 under the FCRA (15 U.S.C. § 1681n–o);
   - Up to $2,000 under TILA (15 U.S.C. § 1640);
   - Statutory UCC damages equal to the **finance charge + 10% of principal** under UCC § 9-625;

5. **Treble damages** under the Michigan Consumer Protection Act (MCL § 445.911);

6. **Punitive damages** for Defendants' willful and malicious disregard of Plaintiff's rights;

7. **Equitable relief** including the imposition of a **constructive trust** over all funds collected or retained from the unlawful transaction;

8. **Costs of litigation**, including filing fees, service, and reimbursement for pro se legal preparation;

9. **Any other relief** this Court deems just, proper, and in the interest of justice.

Dated: 04/25/25

Respectfully submitted,
Latino Clark, Pro Se
22712 Goddard Rd, Taylor, MI 48180
313-574-8614
tcfromtktv7@gmail.com

# COMPLAINT FOR DAMAGES AND DECLARATORY RELIEFJURY TRIAL BY DEMAND - 1

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LATINO CLARK | JPMORGAN CHASE BANK, N.A. d/b/a Chase Auto, SERPENTINI CHEVROLET, INC., and MICHIGAN RECOVERY SERVICES, INC., |
| (b) County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

*(handwritten: 480)*

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act (FCRA), 15
Brief description of cause:
Plaintiff alleges that the repossession and disposition of his vehicle was conducted unlawfully, without notice, and ir

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ 150,000.00    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]