UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATINO CLARK,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
SERPENTINI CHEVROLET, INC., and
MICHIGAN RECOVERY SERVICES,
INC.,

        Defendants.
_____/

Case No. 4:25-cv-11195

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## ORDER STRIKING UNSIGNED FILINGS (ECF Nos. 2, 4)

On April 25, 2025, Latino Clark ("Plaintiff") initiated this consumer credit lawsuit *in pro per* concerning the purchase of a Chevrolet Corvette from Serpentini Chevrolet with financing by Chase Auto, the subsequent repossession of the vehicle by Michigan Recovery Services, and a sale scheduled for April 21, 2025. (*Id.*, ¶¶ 9-16.) (*See also* ECF No. 1-1 [Retail Installment Sale Contract].) Defendants have yet to appear, although summonses were just issued on April 28, 2025 (*see* ECF No. 5).

Judge Kumar has referred this case to me for full pretrial matters. (ECF No. 6.) The Undersigned has reviewed Plaintiff's filings to date and notes that, at the same time Plaintiff filed the complaint, which was signed (*see* ECF No. 1,

1

PageID.5), Plaintiff also filed an application to proceed without prepaying fees or costs and a motion for preliminary injunction, neither of which was signed (*see* ECF No. 2, PageID.22; ECF No. 4, PageID.24).  The Federal Rules of Civil Procedure provide, in relevant part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number.  Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) ("Signature.").  Thus, the unsigned filings (ECF Nos. 2, 4) are **HEREBY STRICKEN** for non-compliance with Fed. R. Civ. P. 11(a).  Moreover, even if Plaintiff had signed the April 25, 2025 *in forma pauperis* application (ECF No. 2), it was rendered moot by Plaintiff's April 28, 2025 submission of the $405 filing fee.

   IT IS SO ORDERED.[1]


Dated:  April 30, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).