UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATINO CLARK,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
SERPENTINI CHEVROLET, INC., and
MICHIGAN RECOVERY SERVICES,
INC.,

        Defendants.

_____/

Case No. 4:25-cv-11195

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S JUNE 18, 2025 MOTIONS (ECF Nos. 33, 34, 35 & 37) REGARDING DEFENDANT SERPENTINI CHEVROLET'S AND DEFENDANT MICHIGAN RECOVERY SERVICES' RESPONSIVE PLEADINGS (ECF Nos. 15, 16 & 26)**

A.    **Each of the three Defendants has appeared via counsel.**

On April 25, 2025, Latino Clark ("Plaintiff") initiated this consumer credit lawsuit *in pro per* concerning the purchase of a Chevrolet Corvette from Serpentini Chevrolet with financing by Chase Auto, the subsequent repossession of the vehicle by Michigan Recovery Services (MRS), and a sale scheduled for April 21, 2025. (ECF No. 1, ¶¶ 9-16.) (*See also* ECF No. 1-1 [Retail Installment Sale Contract].)

Summonses were issued on April 28, 2025 (*see* ECF No. 5); thus, the Court ordinarily would expect service upon Defendants no later than July 24, 2025. Fed.

1

R. Civ. P. 4(m) ("Time Limit for Service."). This seems to have occurred, because proofs of service indicate that JPMorgan Chase Bank, N.A. was served on May 6, 2025 (ECF No. 10), MRS was served on May 7, 2025 (ECF No. 9), and Serpentini Chevrolet of Westlake was served on May 7, 2025 (ECF No. 11). Assuming this service was effective, and assuming Defendants each were served with a summons and complaint, then Defendants' answers were due on May 27, 2025 or May 28, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i).

Each of the three Defendants has appeared via counsel. (*See* ECF No. 12, 18, 22, 23, 25.)

**B.     Defendant JPMorgan Chase Bank's June 10, 2025 motion to dismiss (ECF No. 30) will be addressed under separate cover.**

Judge Kumar has referred this case to me for all pretrial matters. (ECF No. 6.) Having successfully sought an extension of time within which to answer (*see* ECF Nos. 13, 14), Defendant JPMorgan Chase Bank timely filed a motion to dismiss on June 10, 2025 (*see* ECF Nos. 30, 31). Plaintiff's response was due by July 7, 2025 (*see* ECF No. 32), and he filed a response on June 18, 2025 (*see* ECF No. 36).

Defendant JPMorgan Chase Bank's reply is due in accordance with E.D. Mich. LR 7.1. Once the briefing is closed, the Undersigned will issue a report and recommendation on Defendant JPMorgan Chase Bank's motion to dismiss (ECF No. 30).

### C. Plaintiff's June 18, 2025 filings challenge Defendant Serpentini Chevrolet's and Defendant MRS's responsive pleadings.

Serpentini Chevrolet filed an answer and affirmative defenses on May 27, 2025 (ECF Nos. 15, 16), both of which it amended on June 3, 2025 in a single filing (ECF No. 29).[1] MRS filed an answer and affirmative defenses on May 28, 2025. (ECF Nos. 26.)

On June 18, 2025, Plaintiff filed several matters challenging these responsive pleadings, specifically as follows:

- Plaintiff's motion for a more definite statement (*see* ECF No. 33), regarding Defendant Serpentini Chevrolet's answer (*see* ECF No. 15);

- Plaintiff's motion to strike (*see* ECF No. 34), regarding Defendant Serpentini Chevrolet's affirmative defenses (*see* ECF No. 16);

- Plaintiff's motion to strike (*see* ECF No. 35), regarding Defendant MRS's affirmative defenses (*see* ECF No. 26, PageID.89-90);

- Plaintiff's motion for a more definite statement (*see* ECF No. 37), regarding Defendant MRS's answer (*see* ECF No. 26, PageID.81-88).

(*See also* ECF No. 38.)

---

[1] At the very least, this amended filing explains that Defendant SG of Westlake, LLC was "incorrectly identified in the Complaint as 'Serpentini Chevrolet, Inc.'[.]"  (ECF No. 29, PageID.97.)

3

**D.     Order**

Upon consideration, Plaintiff's motions challenging Defendant Serpentini Chevrolet's May 27, 2025 answer and affirmative defenses (*see* ECF Nos. 33, 34) are **DENIED AS MOOT**, because these filings (*see* ECF Nos. 15, 16) have since been amended by a single, June 3, 2025 filing (*see* ECF No. 29).

Plaintiff's motions challenging Defendant MRS's May 28, 2025 combined answer and affirmative defenses (*see* ECF Nos. 35, 37) are **DENIED.**  An answer is "[a] defendant's first pleading that addresses the merits of the case, [usually] by denying the plaintiff's allegations[,]" and "[usually] sets forth the defendant's defenses and counterclaims."  *See* ANSWER, Black's Law Dictionary (12th ed. 2024).  Here, as to each paragraph of the complaint, the paragraphs of Defendant MRS's answer state that Defendant MRS admits, denies and/or "lacks knowledge or information sufficient to form a belief about the truth of the allegations . . . ." (*Compare* ECF No. 1, PageID.1-4 ¶¶ 1-37; *with*, ECF No. 26, PageID.81-88 ¶¶ 1-37).  An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true[,]" and "[t]he defendant bears the burden of proving an affirmative defense."  *See* DEFENSE, Black's Law Dictionary (12th ed. 2024).  Here, Defendant MRS lists and adequately describes its affirmative defenses (*see id.*, PageID.89-90 ¶¶ 1-15).  In the end, Plaintiff's request for the

4

Court to "COMPEL specificity as to admissions, denials, and the factual grounds of any affirmative defenses[,]" (*see* ECF No. 37, PageID.300 ¶ 2), is not warranted at this time; claims and defenses within the pleadings are ordinarily tested and explored via dispositive motion practice.  Moreover, "[d]ecisions regarding motions to strike are up to the discretion of the Court, although such motions 'are viewed with disfavor and are not frequently granted.'" *Bommarito v. Equifax Information Servs., LLC*, 340 F.R.D. 566, 568-569 (E.D. Mich. 2022) (quoting *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal citations omitted)).

    **IT IS SO ORDERED.**[2]

Dated:  June 24, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).