4

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

FILED
JUN 27 2025
CLERK'S OFFICE
DETROIT

| | |
|---|---|
| LATINO CLARK,<br>Plaintiff,<br>vs.<br>JPMORGAN CHASE BANK, N.A. D/B/A CHASE AUTO, SERPENTINI CHEVROLET, INC., AND MICHIGAN RECOVERY SERVICES, INC.,<br>Defendants | Case No.: 4:25-cv-11195<br><br>PLAINTIFF'S MOTION TO STRIKE DEFENDANT SG OF WESTLAKE, LLC'S AFFIRMATIVE DEFENSES |

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT SG OF WESTLAKE, LLC'S AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, **Latino Clark**, in proper person, and respectfully moves this Honorable Court to strike the **Affirmative Defenses** raised by Defendant **SG of Westlake, LLC d/b/a Serpentini Chevrolet** ("SG of Westlake") pursuant to **Fed. R. Civ. P. 12(f)**, on the grounds that they are boilerplate, conclusory, unsupported by facts, and legally insufficient.

In support, Plaintiff shows the Court the following:

## I. STANDARD UNDER RULE 12(f)

Rule 12(f) authorizes the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), holds that "bare bones conclusory allegations" that lack factual support and merely name legal doctrines should be stricken.

Courts routinely strike affirmative defenses when they:

(1) fail to provide fair notice under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007);

(2) consist of mere labels and conclusions under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009);

(3) mirror each other across unrelated cases as generic boilerplate.

## II. GROUNDS FOR STRIKING AFFIRMATIVE DEFENSES

SG of Westlake asserts **numerous "affirmative defenses"** that are legally and procedurally defective:

### A. Failure to Plead with Factual Specificity

Defendant's defenses, including those for "failure to state a claim," "assumption of risk," "unclean hands," "contributory negligence," "intervening acts," "collateral source," "waiver," and "good faith," are asserted **without a single supporting fact** tied to Plaintiff's allegations. This violates *Twombly* and *Iqbal*, as well as the Sixth Circuit's expectation that "[a] defendant must plead an affirmative defense with enough factual particularity to give the plaintiff fair notice." *United States v. Provident Bank*, 2021 WL 1985046, at *2 (E.D. Mich. May 18, 2021).*

### B. Legal Impossibility of Several Defenses

Many defenses asserted by SG of Westlake are legally inapplicable to Plaintiff's claims under the **Fair Credit Reporting Act (FCRA)**, **Truth in Lending Act (TILA)**, and **state fraud statutes**. For example:

- "Assumption of risk" and "contributory negligence" are tort defenses, not applicable to statutory violations under **15 U.S.C. §§ 1681n and 1681o**. See *Gibson v. Rosati, 2017 WL 1155765 (N.D.N.Y. Mar. 27, 2017)*.
- "Failure to mitigate" does not apply to statutory liquidated damages or punitive damages under *FCRA*. See *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009).
- "Statute of limitations" defenses are facially invalid where the complaint was timely filed within the 2-year period from discovery of the violation. *Jones v. TransUnion LLC*, 2022 WL 407915 (E.D. Mich. Feb. 10, 2022).

### C. Boilerplate Nature and Improper Reservation

SG of Westlake repeatedly "reserves the right to assert additional defenses," which courts have held is **not a defense at all** and is improper under Rule 8. See *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008).

## III. SG OF WESTLAKE'S CONDUCT FURTHER UNDERCUTS DEFENSES

Defendant's own securitization activities raise material questions of **standing, ownership, and proper chain-of-title**, yet none of its affirmative defenses address securitization, dealership liability, or failure to verify assignment of the loan. According to public ABS filings, **SG of Westlake's retail installment contracts are routinely pooled into asset-backed trusts**, stripping the original creditor of collection authority unless clearly retained.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. STRIKING all affirmative defenses asserted by Defendant SG of Westlake, LLC as **legally insufficient**, **boilerplate**, and **unsupported by any factual foundation**;
2. REQUIRING that any repleading of defenses conform to the pleading standards under *Twombly* and *Iqbal*; and
3. GRANTING such other relief as this Court deems just and proper.

Respectfully submitted,

**/s/Latino Clark**
Latino Clark, Pro Se
22712 Goddard Rd, Taylor, MI 48180
313-574-8614
tcfromtktv7@gmail.com