UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATINO CLARK,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
SG OF WESTLAKE, LLC, incorrectly
identified as "Serpentini Chevrolet,
Inc.,"[1] and MICHIGAN RECOVERY
SERVICES, INC.,

        Defendants.

_____/

Case No. 4:25-cv-11195

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER:  (1) DENYING PLAINTIFF'S MOTION (ECF No. 40) TO STRIKE DEFENDANT SG OF WESTLAKE, LLC'S AMENDED AFFIRMATIVE DEFENSES (*see* ECF No. 29-1); (2) DIRECTING THE CLERK OF THE COURT TO STRIKE PLAINTIFF'S REPLY (ECF No. 44) AS TARDY; (3) STRIKING PLAINTIFF'S UNAUTHORIZED SUR-REPLY (ECF No. 45); (4) DENYING AS MOOT DEFENDANT SG OF WESTLAKE, LLC'S MOTION TO STRIKE (ECF No. 46); (5) REQUIRING PLAINTIFF TO SHOW CAUSE; and, (6) SETTING A DEADLINE FOR DEFENDANT SG OF WESTLAKE'S STATUS REPORT**

**A.**    **Background**

On April 25, 2025, Latino Clark ("Plaintiff") initiated this consumer credit lawsuit *in pro per* concerning the purchase of a Chevrolet Corvette from Serpentini

---

[1] Defendant Serpentini Chevrolet's June 3, 2025 filing explains that Defendant SG of Westlake, LLC was "incorrectly identified in the Complaint as 'Serpentini Chevrolet, Inc.'[.]"  (ECF No. 29, PageID.97.)

1

Chevrolet with financing by Chase Auto, the subsequent repossession of the vehicle by Michigan Recovery Services (MRS), and a sale scheduled for April 21, 2025. (ECF No. 1, ¶¶ 9-16.) (*See also* ECF No. 1-1 [Retail Installment Sale Contract].)

**B.     Prior Order Regarding Responsive Pleadings**

Judge Kumar has referred this case to me for all pretrial matters. (ECF No. 6.) On June 25, 2025, the Court entered an order (ECF No. 39), denying Plaintiff's June 18, 2025 motions (ECF Nos. 33, 34, 35 & 37) regarding Defendant Serpentini Chevrolet's (*i.e.*, Defendant SG of Westlake's) and Defendant Michigan Recovery Services' May 2025 answers and affirmative defenses (ECF Nos. 15, 16 & 26). As reflected in that order, SG of Westlake's May 2025 answer and affirmative defenses (ECF Nos. 15, 16) were amended on June 3, 2025 (ECF No. 29).

**C.     Instant Motions**

Currently before the Court is Plaintiff's June 27, 2025 motion (ECF No. 40) to strike Defendant SG of Westlake's amended affirmative defenses (*see* ECF No. 29-1).[2] SG of Westlake's July 11, 2025 response (ECF No. 42) was timely under

---

[2] Defendant JPMorgan Chase Bank's June 10, 2025 motion to dismiss (ECF No. 30) – as to which a response (ECF No. 36) and a reply (ECF No. 41) have been filed – will be addressed under separate cover. Although Plaintiff filed a sur-reply (ECF No. 45), it is, hereby, **STRICKEN**, because the Court did not authorize one. As the Undersigned's practice guidelines explain: "The Court adheres to E.D. Mich LR 5.1 and 7.1 regarding format, length, and form of motions and briefs, and the type of briefs required and permitted. Additional briefing, including sur-

2

E.D. Mich. LR 7.1(e)(1)(A).  Plaintiff's reply was due on or about July 18, 2025.  *See* E.D. Mich. LR 7.1(e)(1)(B).  Without filing a motion for extension of this deadline, Plaintiff filed a reply on July 31, 2025.  (ECF No. 44.)  Upon consideration, the Clerk of the Court is **DIRECTED** to strike Plaintiff's reply (ECF No. 44) as tardy.[3]

On August 18, 2025, I conducted an in person motion hearing (*see* ECF No. 43), at which Attorneys Nicholas J. Ranke (for Defendant SG of Westlake) and Emily L. Burdick (for Defendant JPMorgan Chase Bank, N.A.) appeared.  Notwithstanding the Clerk of the Court sending a copy of the notice of hearing to Plaintiff on July 21, 2025 (*see* text-only certificate of service), Plaintiff did not appear on August 18, 2025.  To give Plaintiff the benefit of the doubt, the Court waited twenty (20) minutes past the time set for hearing, after which it proceeded with the hearing and issued its ruling from the bench.

---

replies, will NOT be permitted unless requested by the Court.  The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules."  *See* www.mied.uscourts.gov.

[3] On August 12, 2025, SG of Westlake filed a motion (ECF No. 46) to strike the reply (ECF No. 44) as untimely; however, the Court notes that the certificate of service does not certify that a copy of the order was mailed to the Plaintiff at his address (*see* ECF No. 46, PageID.370), and Plaintiff is not an electronic filer.  In any event, because the Court already has stricken the brief *sua sponte* as unauthorized, Defendant SG of Westlake's motion (ECF No. 46) is **DENIED AS MOOT**.

**D.     Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion (ECF No. 40) is **DENIED and found to be frivolous.**  In particular, the Court notes several, general observations about Plaintiff's motion, including:

- It does not certify compliance with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests.").

- Neither Plaintiff's motion to strike nor his related reply includes a "wet signature," *i.e.*, these filings are only signed "/s/Latino Clark," and the signature is unaccompanied by a date (*see* ECF No. 40, PageID.313; ECF No. 44, PageID.360-361), and neither filing is accompanied by a certificate of service to indicate it was served upon Defendants by U.S Mail consistent with Fed. R. Civ. P. 5(d)(1)(B). From here forward, Plaintiff **SHALL:  (1)** sign his filings by hand consistent with Fed. R. Civ. P. 11(a), unless he applies for and receives permission to become an e-filer; **(2)** date his signatures; and, (3) attach certification of proper service by mail upon Defendants.

- There are difficulties with many of Plaintiff's case citations, such as references to citations that do not exist – *e.g.*, "*United States v. Provident Bank*, 2021 WL 1985046, at 2 (E.D. Mich. May 18, 2021)," "*Gibson v. Rosati*, 2017 WL 1155765 (N.D.N.Y. Mar. 27, 2017)," "*Jones v. TransUnion LLC*, 2022 WL 407915 (E.D. Mich. Feb. 10, 2022)," – or to a case that does not address the principle for which it is cited – *e.g.*, *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009).  As to these observations, the Court suspects sloppy legal research or the use of artificial intelligence (which the court discourages for this reason) and reminds Plaintiff that Fed. R. Civ. P. 11(b) ("Representations to the Court") requires accuracy in matters filed with this Court.

The Court also notes several observations about the substance of Plaintiff's motion, such as:

- It seeks to strike "all affirmative defenses," (ECF No. 40, PageID.313 ¶ 1); yet, it fails to provide any individualized basis for striking the bulk of the defenses, and, in several instances where the motion was specific, it mentions affirmative defenses not actually pleaded by Defendant SG of Westlake in the amended affirmative defenses at issue (*see* ECF No. 29-1), *e.g.*, "statute of limitations," "intervening acts," "collateral source," "good faith," "waiver," *etc.* Thus, Plaintiff's characterization of Defendant SG of Westlake's affirmative defenses as "boilerplate" (*see* ECF No. 40, PageID.310) is off the mark; rather, the Court observes that it is Plaintiff's *own motion to strike* that is largely boilerplate.

- To the extent Plaintiff challenges Defendant SG of Westlake's assertion that the complaint "fails to state a claim" (Affirmative Defense No. 1) (*see* ECF No. 29-1, PageID.105) as lacking "factual specificity" (*see* ECF No. 40, PageID.311), the Court refers back to its June 25, 2025 order (ECF No. 39) regarding Defendant SG of Westlake's initial, May 27, 2025 affirmative defenses (ECF No. 16) and reiterates what is stated in the previous order, namely, that "claims and defenses within the pleadings are ordinarily tested and explored via dispositive motion practice" and motions to strike "'are viewed with disfavor and are not frequently granted.'" (ECF No. 39, PageID.308-309) (quoting *Bommarito v. Equifax Information Servs., LLC*, 340 F.R.D. 566, 568-569 (E.D. Mich. 2022) (internal citations omitted)).

- To the extent Plaintiff challenges the "legal impossibility of several defenses," based on his claims under the federal consumer protection statutes and the state fraud statutes (*see* ECF No. 40, PageID.311-312), Plaintiff pleads causes of action against SG of Westlake based on the Truth in Lending Act (TILA) (15 U.S.C. §§ 1601, *et seq.*) [Count 3] *and conversion* [Count 6] and violation of Michigan's Consumer Protection Act (MCPA) (Mich. Comp. Laws § 445.903) [Count 8], and declaratory relief (28 U.S.C. § 2201) [Count 9] (*see* ECF No. 1, PageID.2-4 ¶¶ 20-37). As such, his argument that

5

"assumption of risk" and "contributory negligence" – and perhaps even "unclean hands" – are "tort defenses, not applicable to statutory violations under 15 U.S.C. §§ 1681n and 1681o[,]" (ECF No. 40, PageID.312), are unavailing. Conversion is an intentional tort.

- To the extent Plaintiff argues that affirmative defenses must, but did not meet the level of "factual particularity" required by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 550 U.S. 662 (2009) for *complaints*, the supporting case cited by Plaintiff (*U.S. v. Provident Bank*) does not appear to be retrievable or existent, either by using the citation supplied by Plaintiff or by looking it up by case name (in either Westlaw or Lexis).[4] In any case, as this Court found in *Reliable Carriers v. Moving Sites, LLC*, No. 17-cv-10971, 2018 WL 9963862, at *1 (E.D. Mich. Sept. 21, 2018) (Grand, M.J.), "'affirmative defenses should not be stricken for failure to satisfy the *Twombly/Iqbal* standard'" in the absence of "'clear direction from the from the Sixth Circuit . . . .'" (quoting *Int'l Outdoor, Inc. v. City of Southgate*, No. 2:11-CV-14719, 2012 WL 2367160, at *9 (E.D. Mich. Apr. 26, 2012) (Komives, M.J.) (surveying cases), *report and recommendation adopted*, No. 11-14719, 2012 WL 2367170 (E.D. Mich. June 21, 2012) (Rosen, C.J.).

---

[4] The Court believes it likely that Plaintiff used Artificial Intelligence ("AI") in his research. "At this point, it 'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)). AI chatbots "are designed to mimic patterns of words, probabilistically. When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human would." *Id*. This is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court, and, even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted. *See id*. at *2 (awarding sanctions).

- To the extent Plaintiff challenges Defendant SG of Westlake's assertion that Plaintiff "failed to mitigate his damages" (Affirmative Defense No. 6) (*see* ECF No. 29-1, PageID.106) as inapplicable "to statutory liquidated damages or punitive damages under FCRA[,]" (*see* ECF No. 40, PageID.312), Plaintiff does not bring his FCRA cause of action (Count 2) against Defendant SG of Westlake, *i.e.*, he only brings the FCRA claim against Chase Auto.

Additionally, it is a waste of the Court's and defense counsel's time when Plaintiff asks the Court to strike a filing and does not appear for the related, noticed hearing. Given Plaintiff's failure to appear in my courtroom on August 18, 2025 and my finding that his motion to strike (ECF No. 40) is frivolous, no later than **Friday, August 29, 2025**, Plaintiff **SHALL** show cause, in writing, as to: **(1)** why he did not appear for the hearing; **(2)** why he did not seek concurrence with defense counsel prior to filing his motion to strike (ECF No. 40), as required by E.D. Mich. LR 7.1; and, **(3)** why he should not have to pay Defendant SG of Westlake's costs and expenses as a sanction under Fed. R. Civ. P. 16(f) for having to respond to the motion and appear for oral argument on August 18, 2025. **<u>Failure to timely respond to this order to show cause may result in dismissal of this case.</u>**

Finally, no later than **Friday, August 29, 2025**, Defendant SG of Westlake **SHALL** file a status report, clarifying whether it intends to file a motion to dismiss or proceed with discovery, after which the Court will enter either a briefing schedule or a scheduling order.

7

**IT IS SO ORDERED.**[5]

Dated: August 19, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).