UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATINO CLARK,

      Plaintiff,

v.

JPMORGAN CHASE BANK,
N.A. (d/b/a CHASE AUTO),
SERPENTINI CHEVROLET,
INC., and
MICHIGAN RECOVERY
SERVICES, INC.,

      Defendants.

_____/

Case No. 4:25-cv-11195
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT JPMORGAN CHASE BANK, N.A.'s MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF No. 30)

**I.     RECOMMENDATION**:  The Court should **GRANT** Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 30).

**II.    REPORT:**

    **A.    Background**

On April 25, 2025, Latino Clark initiated this consumer credit lawsuit *in pro per* concerning the purchase of a Chevrolet Corvette from Serpentini Chevrolet with financing by JPMorgan Chase Bank (JPMCB), the subsequent repossession of

the vehicle by Michigan Recovery Services (MRS), and a sale scheduled for April 21, 2025. (ECF No. 1, ¶¶ 9-16.) (*See also* ECF No. 1-1 [Retail Installment Sale Contract].)

Each of the three Defendants has appeared via counsel.  (*See* ECF No. 12, 18, 22, 23, 25, 56.)

## B.    Instant Motion

Judge Kumar has referred this case to me for all pretrial matters.  (ECF No. 6.)  Currently before the Court is Defendant JPMCB's June 10, 2025 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 30.)

Plaintiff filed a timely response on June 18, 2025 (ECF Nos. 32, 36), and Defendant JPMCB filed a reply on July 7, 2025 (ECF No. 41).  Although Plaintiff filed a sur-reply on July 31, 2025 (ECF No. 45), it has been stricken from the record as unauthorized (ECF No. 47).  Defendant JPMCB's motion is now ready for decision.[1]

---

[1] Defendant Serpentini Chevrolet, Inc.'s September 25, 2025 motion for summary judgment pursuant to Fed. R. Civ. P. 12(c) (ECF No. 53) and Defendant MRS's September 27, 2025 motion for judgment on the pleadings (ECF No. 54) – as to which Plaintiff's responses were due on October 24, 2025 (ECF No. 55), Plaintiff filed a response on February 6, 2026 (ECF No. 58), and Defendant Serpentini Chevrolet filed a reply on February 13, 2026 (ECF No. 59) – will be addressed under separate cover.

**C.      Fed. R. Civ. P. 12**

Defendant JPMCB brings its motion to dismiss based on Fed. R. Civ. P. 12(b)(6).  (ECF No. 30, PageID.127-128.)  When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520

3

(1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., *adopting report and recommendation of* Binder, M.J.).[2]

## D. Discussion

### 1. Factual allegations

On May 31, 2022, Plaintiff purchased a used 2020 Chevrolet Corvette from Defendant Serpentini Chevrolet by executing a "Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision)." (ECF No. 1-1, PageID.9-13.) (*See also* ECF No. 1, ¶¶ 9, 10.)[3] Following a total downpayment of $14,372.29, Plaintiff financed $85,000.71 at an annual percentage rate of 6.34%,

---

[2] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

[3] Plaintiff alleges he "entered into a retail installment sales contract" on or about "2023," (ECF No. 1, ¶ 9), but the contract attached to the complaint is clearly dated May 31, 2022. (ECF No. 1-1, PageID.13.)

and the first of 84 payments was due on July 15, 2022. (*Id*., PageID.9, 10.) Serpentini Chevrolet assigned its interest in the contract to JPMCB. (*Id*., PageID.13.)

Plaintiff alleges that JPMCB "accepted payments via autopay," Plaintiff "made consistent payments until May and June of 2024, when autopay failed – without notice or alert[,]" JPMCB "failed to notify [him] of missed payments . . . [,]" and, when he contacted JPMCB, he "was informed they had no explanation for the lack of notification or error in autopay." (*Id*., ¶¶ 11, 12, 13.)[4] Plaintiff alleges that "Defendants" orchestrated the repossession of his vehicle "[w]ithout providing a Notice of Default, Notice of Intent to Accelerate, Right to Cure, pre-repossession letter, or Notice of Sale . . . ." (*Id*., ¶ 14.)

Plaintiff alleges that MRS repossessed his car "without notice, without judicial process, and in breach of the peace." (*Id*., ¶ 15.) He also alleges that the vehicle "was scheduled to be sold on April 21, 2025, with no post-repossession accounting . . . provided[,]" and that, upon inquiry, MRS stated "'there was nothing they could do[.]'" (*Id*., ¶¶ 16, 17.)

Seemingly referring to an attached "JPMorgan Chase ABS 2024-A Form 10-D SEC Filing" (*see id*., PageID.17-20), Plaintiff alleges that JPMCB "securitized

---

[4] A copy of an Experian Report Summary, which is attached to Plaintiff's complaint, indicates that, as of December 16, 2024, Plaintiff's balance on his JPMCB auto account was $66,215. (*Id*., PageID.15.)

Plaintiff's loan and therefore lacked standing to enforce the debt[,]" rendering it "a mere servicer, lacking ownership or the authority to repossess or report to credit bureaus . . . ."  (ECF No. 1, ¶¶ 18, 19.)

In sum, Plaintiff seeks redress for "unlawful repossession, misrepresentation of debt ownership, securitization concealment, and post-default misconduct by all Defendants."  (*Id.*, ¶ 2.)

### 2.     Federal law causes of action (Counts I & II)

#### a.     FDCPA (15 U.S.C. §§ 1692-1692p)

Plaintiff alleges two federal law causes of action against Defendant JPMCB. In Count I, Plaintiff alleges JPMCB violated the FDCPA by "misrepresenting the legal status of the debt," "attempting to collect a debt for which [it] lacked legal ownership or standing," "repossessing the vehicle without providing required notices," and "engaging in unfair, harassing, and deceptive practices," as a result of which he "suffered emotional distress, reputational harm, and loss of vehicle use." (ECF No. 1, ¶¶ 20, 21.)

Plaintiff brings this cause of action based on alleged violations of 15 U.S.C. § 1692d ("Harassment or Abuse"), § 1692e ("False or Misleading Representations"), § 1692f ("Unfair Practices"), and, seemingly, also § 1692g ("Validation of Debts").  (*Id.*, ¶¶ 12, 19, 20.)  He seeks statutory damages under Section 1692k ("Civil liability"), as well as actual damages.  (*Id.*, ¶ 21.)

However, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person . . . [or] . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(ii),(iii).  Moreover, the term "creditor" means "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  15 U.S.C. § 1692a(4).

In this matter, JPMCB is not a "debt collector" as defined in Section 1692a(6).  First, JPMCB "falls within the exemption contained in § 1692a(6)(F)(ii) because by retaining [MRS] to repossess the [Corvette] that served as collateral for the car loan to [the vehicle owner]," JPMCB "was collecting or attempting to collect on a debt that was owed, due, or asserted to be owed or due, and that originated with it."  *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).  "A bank that is 'a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.'"  *Montgomery*, 346 F.3d at 699 (quoting *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 794 (W.D.Ky.2003)) (citations omitted)).  Second, JPMCB "falls within the provision of § 1692a(6)(F)(iii)," *Montgomery*, 346 F.3d at

7

699, because, as JPMCB correctly notes, "[t]he alleged default in this case," which was presumably May or June 2024, "did not occur until over two years after Plaintiff entered into the [May 31, 2022] Auto Agreement and it was assigned to [JPMCB]."  (ECF No. 30, PageID.132; *see also* ECF No. 1, ¶ 11; ECF No. 1-1, PageID.13.)

That JPMCB is not a "debt collector" in this matter is fatal to the bases of Plaintiff's FDCPA claim.  *See* 15 U.S.C. § 1692d ("A *debt collector* may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.") (emphasis added); 15 U.S.C. § 1692e ("A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.") (emphasis added); 15 U.S.C. § 1692f ("A *debt collector* may not use unfair or unconscionable means to collect or attempt to collect any debt.") (emphasis added).

The same is true to the extent Plaintiff's FCRA cause of action is based upon 15 U.S.C. § 1692g, for JPMCB's alleged "fail[ure] to notify Plaintiff of missed payments . . . [,]" (ECF No. 1, ¶ 12), assuming Plaintiff intended to rely upon either of the first two subsections.  *See* 15 U.S.C. § 1692g(a) ("Within five days after the initial communication with a consumer in connection with the collection of any debt, a *debt collector* shall, unless the following information is contained in

8

the initial communication or the consumer has paid the debt, send the consumer a written notice containing [certain information].") (emphasis added); 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the *debt collector* shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.") (emphases added).

This conclusion is not altered by Plaintiff's response.  Beyond mentioning the FDCPA in an introductory fashion, simply stating that his complaint "sets forth detailed and well-pleaded allegations under Fair Debt Collection Practices Act (FDCPA)," (ECF No. 36, PageID.292), Plaintiff mentions the FDCPA and § 1692f, contends his vehicle was illegally repossessed without notice, contends JPMCB failed to honor autopay, suggests JPMCB misapplied payments, and further contends JPMCB's securitization of his auto loan means JPMCB "became merely a servicer and cannot collect or repossess in its own name."  (*See id.*, PageID.294-295.)  Problematically, Plaintiff does not address JPMCB's argument that it is not a debt collector.  Accordingly, as to Defendant JPMCB, Plaintiff's

9

FDCPA cause of action should be dismissed for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).

### b.      FCRA (15 U.S.C. §§ 1681-1681x)

In Count II, Plaintiff alleges JPMCB "willfully and/or negligently" violated the FCRA by "failing to report accurate tradeline status after vehicle sale," "reporting a charged-off balance that did not reflect credit for collateral recovery[,]" "failing to investigate and correct disputed information[,]" and "continuing to report the account despite no longer owning the debt due to securitization as evidenced by SEC Form 10-D filings," which resulted in damage to his "creditworthiness and financial reputation," which will "impair[] future financing."  (ECF No. 1, ¶¶ 22-23.)

Plaintiff brings this cause of action based on alleged violations of 15 U.S.C. § 1681s-2 ("Responsibilities of furnishers of information to consumer reporting agencies"), specifically the subsections concerning information furnishers' duties to provide accurate information (§ 1681s-2(a)) and upon notice of dispute (§ 1681s-2(b)).  (ECF No. 1, ¶¶ 19, 22.)  He seeks statutory and punitive damages under Sections 1681n ("Civil Liability for Willful Noncompliance") and 1681o ("Civil Liability for Negligent Noncompliance").  (ECF No. 1, ¶ 23.)

However, as the Sixth Circuit has stated:  "The FCRA 'creates a private right of action' for consumers to enforce the requirement under § 1681s–2(b) that

furnishers of information investigate upon receiving notice of a dispute, but not the requirement under § 1681s–2(a) that furnishers of information initially provide accurate information to consumer reporting agencies." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012)).  Moreover, "consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under § 1681s–2(b)." *Scott*, 936 F.3d at 517.  "A consumer's complaining directly to a furnisher of information about a purported error in the information the furnisher supplied to a consumer reporting agency does not trigger the furnisher's duty to investigate under the FCRA.").  *Id.*, 936 F.3d at 517-518.

To the extent Plaintiff's FCRA cause of action is based on § 1681s–2(a), there is no private right of action under this subsection.  To the extent Plaintiff's FCRA cause of action is based on § 1681s-2(b), the Court acknowledges Plaintiff's allegations of, *e.g.*, "inaccurate credit reporting" and a failure "to investigate and correct disputed information" (*see* ECF No. 1, ¶¶ 19, 22, 36); however, as best the Court can tell, Plaintiff's complaint's references to credit reporting agencies – such as a general reference to "consumer reporting agency[,]" or the more specific mention of "Experian, Equifax, or TransUnion" – are made only within his requests for preliminary and permanent injunctive relief (*see id.*, PageID.4) or the attached Experian report summary (*id.*, PageID.15).  Thus, as JPMCB correctly

11

argues, Plaintiff has not alleged that "he disputed anything to the credit agencies themselves," or that JPMCB "received any notice of a dispute from the agencies." (ECF No. 30, PageID.133.)

This conclusion is not altered by Plaintiff's response, which only mentions the FCRA in an introductory fashion, simply stating that his complaint "sets forth detailed and well-pleaded allegations under . . . the Fair Credit Reporting Act (FCRA) . . . ."  (ECF No. 36, PageID.292.)  In JPMCB's words, Plaintiff's response "does not respond to Count II . . . ."  (ECF No. 41, PageID.319.) Accordingly, as to Defendant JPMCB, Plaintiff's FCRA cause of action should be dismissed for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).

### 3.    State law causes of action (Counts IV, V, VI, VII, VIII)[5]

Plaintiff also sues JPMCB for violations of Article 9 of Michigan's Uniform Commercial Code (*see* Mich. Comp. Laws §§ 440.9101-440.9994) (Count IV), breach of contract (Count V), conversion (Count VI), breach of fiduciary

---

[5] At the outset of his complaint, Plaintiff also references Michigan's Motor Vehicle Sales Finance Act (Mich. Comp. Laws §§ 492.101, *et seq*.), Michigan's statutes regarding Regulation of Collection Practices (Mich. Comp. Laws §§ 445.251, *et seq*.), and unjust enrichment (*see* ECF No. 1, ¶ 1); however, these do not provide the basis for any of his nine claims for relief (*see id*., ¶¶ 20-37).  Moreover, where Plaintiff cites "MCL § 492.171" in two of his factual allegations (*see id*., ¶¶ 14, 19), Michigan's Motor Vehicle Sales Finance Act only extends from Sections 492.101 to 492.141.

duty/constructive trust (Count VII), and violations of Michigan's Consumer Protection Act (Mich. Comp. Laws §§ 445.901-445.922) (Count VIII).  (ECF No. 1, ¶¶ 26-35.)

Here, consistent with 28 U.S.C. § 1367, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (*See also* ECF No. 30, PageID.133-143.)

### 4.    Declaratory Relief (Count IX)

Finally, Plaintiff attempts to bring a cause of action seeking declaratory and injunctive relief.  (ECF No. 1, ¶¶ 36, 37.)  However, to the extent this cause of action is based on 28 U.S.C. § 2201, the Sixth Circuit has explained:

> The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  But § 2201 does not create an independent cause of action. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 . . . (1950) (holding that "Congress enlarged the range of remedies available in the federal courts [under the Act] but did not extend their jurisdiction").  A federal court accordingly "must have jurisdiction already under some other federal statute" before a plaintiff can "invok[e] the Act." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir.2007) (quotation marks omitted).

*Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007).  (*See also* ECF No. 30, PageID.143-145.)

13

**E.     Conclusion**

As explained at length and in detail above, the Court should **GRANT**

Defendant JPMCB's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF

No. 30).

**III.     PROCEDURE ON OBJECTIONS**

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to

file specific objections constitutes a waiver of any further right of appeal.  *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections

must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc*.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

14

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  February 20, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE